# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                        **Case No.  6:11-cr-240-Orl-28GJK**

**JOHN K. FREEMAN**

_____

## ORDER

This cause is before the Court on the Motion for Dismissal With Prejudice (Doc. 25) filed by Defendant, in which Defendant argues that the charge against him must be dismissed as barred by the statute of limitations.  The Government has responded to the motion, (Doc. 33),[1] and the Court held a hearing thereon on April 18, 2012, (see Mins., Doc. 52).  As set forth below, the motion is denied.

### I.  Factual and Legal Background

On August 3, 2011, an indictment was returned by a grand jury charging Defendant with committing bankruptcy fraud in violation of 18 U.S.C. § 152(1).  (Indictment, Doc. 1). The Indictment alleges that Defendant fraudulently concealed from creditors a bank account containing approximately $705,000 in connection with Defendant's Chapter 13 bankruptcy case, Case No. 6:05-bk-08868-KSJ.[2]

---

[1]Additionally, the Defendant filed a Reply (Doc. 44) and the Government filed a Response (Doc. 47) to that Reply.

[2]On September 7, 2011, a grand jury returned a Superseding Indictment (Doc. 7), again charging the Defendant with violating 18 U.S.C. § 152(1); the Superseding Indictment alleges that Defendant did not disclose during his bankruptcy that he had possession or constructive possession of checks totalling approximately $700,000.  As noted by Defendant in his motion, "[t]he fact that a superseding indictment was returned on September 7, 2011

It is undisputed that the statute of limitations for bankruptcy fraud is five years—the general limitations period for non-capital offenses set forth in 18 U.S.C. § 3282(a). However, the parties dispute when the statute of limitations began to run. Defendant argues that the limitations period began to run when he filed a "Notice of Voluntary Dismissal" (Def.'s Ex. 7)[3] of his Chapter 13 bankruptcy case on July 14, 2006. The Government, however, asserts that the five-year period did not commence until August 7, 2006—the date the bankruptcy court entered an order (Def.'s Ex. 9) dismissing Defendant's bankruptcy case.

## II. Discussion

As provided in 18 U.S.C. § 3284, "[t]he concealment of assets of a debtor in a case under [the Bankruptcy Code] shall be deemed to be a continuing offense until the debtor shall have been finally discharged or a discharge denied, and the period of limitations shall not begin to run until such final discharge or denial of discharge." "[W]here discharge is no longer possible, the date upon which the discharge became impossible is the date upon which the statute of limitations begins to run." United States v. Gilbert, 136 F.3d 1451, 1454-55 (11th Cir. 1998).

"Events which have been held to have the same effect as denial of discharge include the voluntary dismissal of bankruptcy proceedings, the waiver of discharge, and the failure to file timely for discharge." Id. at 1455. In the case at bar, the statute of limitations began

has no bearing on the statute of limitation argument presented herein" because the superseding indictment "relates back to the initial indictment returned on August 3, 2011." (Doc. 25 at 6 n.3).

[3]Exhibit citations are to exhibits presented to the Court during the April 18 hearing.

to run upon dismissal of Defendant's Chapter 13 case, but the parties dispute when that dismissal occurred—was it when Defendant filed a "Notice of Voluntary Dismissal," or was it when the bankruptcy court entered its order dismissing the case? Having considered the relevant statutes, bankruptcy rules, and case law,[4] I conclude that the case was not dismissed until the bankruptcy court entered its Order dismissing the case. Thus, "discharge became impossible" on August 7, 2006, and that is when the statute of limitations began to run.

Defendant argues that he "caused the bankruptcy court proceedings to be voluntarily dismissed on July 14, 2006." (Doc. 25 at 6). However, no authority cited by Defendant—and none found by the Court—supports the conclusion that the filing of the "Notice of Voluntary Dismissal" had the effect of immediately dismissing the case on July 14, 2006; instead, court action was required. As the Notice itself states, it was filed pursuant to 11 U.S.C. § 1307(b), which pertains to Chapter 13 bankruptcies such as Defendant's and provides that "[o]n **request of the debtor** at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, **the court shall dismiss a case** under this chapter." 11 U.S.C. § 1307(b) (emphasis added). By its plain language, § 1307(b) refers to a debtor's "request" for dismissal and dismissal by the court; it does not provide a mechanism for a debtor to dismiss his case via the filing of a notice.

---

[4]At the April 18, 2012 hearing on Defendant's motion, the parties presented witnesses who provided opinion testimony about when the dismissal of the case occurred. However, the issue before me is a legal rather than factual issue. The facts are not in dispute, and the legal issue of when the case was dismissed is not the proper subject of opinion testimony. Thus, my ruling is based on analysis of statutes and rules rather than on witness testimony.

Moreover, Federal Rule of Bankruptcy Procedure 1017(f)—"Procedure for dismissal, conversion, or suspension"—provides in part that "[c]onversion or dismissal under §§ 706(a), 1112(a), 1208(b), **or 1307(b) shall be on motion** filed and served as required by Rule 9013." Fed. R. Bankr. P. 1017(f)(2) (emphasis added). Section 1307(b) pertains only to requests of the debtor for dismissal, and Rule 1017(f) plainly states that dismissal under section 1307(b) "shall be on motion." Again, Defendant's "Notice of Voluntary Dismissal" was expressly filed pursuant to § 1307(b), and although Defendant titled this filing as a "Notice," Defendant has identified no basis for treating that Notice as a self-executing dismissal document rather than a motion that must be acted on by the court before the dismissal occurs. To allow the document to function as urged by Defendant would be to allow bankruptcy debtors to circumvent statutes and rules via the titles of their filings. Absent a conferred right to dismiss a case without a court order, the document cannot be said to have that effect; Defendant has identified no statute or rule conferring such a right.

By way of comparison, under Federal Rule of Civil Procedure 41—which, pursuant to Federal Rule of Bankruptcy Procedure 7041, applies to bankruptcy court adversary proceedings—the manner in which a case may be voluntarily dismissed varies depending on the posture of the case. Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

In contrast, the statutes and rules applicable to a Chapter 13 voluntary dismissal do not provide for the filing of a notice of dismissal or for dismissal without a court order; instead, they provide for the filing of a motion and dismissal by the court. And, although Defendant urges in his Reply that the Government "[i]nterestingly and rather conveniently . . . mistakenly refers to [the] Notice of Voluntary Dismissal as a 'motion to dismiss,'" (Doc. 44 at 1), the Government's characterization of the Notice as a motion is sound and the notice is properly regarded as a motion. Courts typically treat unauthorized notices, including notices of dismissal, as motions. See, e.g., In re Letterese, 397 B.R. 507, 515 (Bankr. S.D. Fla. 2008) (ruling that Chapter 13 "Debtor's Notice of Voluntary Dismissal, treated as a motion to dismiss, is denied" (record citation and emphasis omitted)); cf. Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 253 (5th Cir. 1973) (noting that "[w]here notice of dismissal under [Federal Rule of Civil Procedure] 41(a)(1) fails, the notice may be considered a motion under Rule 41(a)(2) and the court may order the dismissal"). Defendant's assertion that he could not have withdrawn his "Notice" prior to the court ruling on it is rejected, and there is no basis for concluding that the mere filing of the Notice rendered a discharge impossible.

The parties have cited case law in support of their positions, but the cases are either not directly on point or lend some indirect support to the analysis set forth above. Defendant relies on Gilbert, in which the court reversed a bankruptcy fraud conviction on statute-of-limitations grounds where the defendant's bankruptcy case was converted from Chapter 11 to Chapter 7 more than five years prior to the defendant's indictment. The court concluded that the conversion made the discharge impossible, but the court did not address the

-5-

question involved in the case at bar—when a voluntary dismissal is effective.  Thus, <u>Gilbert</u> is of no assistance here.

The Government relies largely on <u>United States v. Dolan</u>, 120 F.3d 856 (8th Cir. 1997).  Dolan, an attorney, was charged with conspiracy to commit bankruptcy fraud after he represented a Chapter 11 debtor.  The Chapter 11 case was dismissed after Dolan filed a motion to dismiss and the court granted the dismissal several weeks later after a hearing. The <u>Dolan</u> court did not discuss the date a dismissal becomes effective, and <u>Dolan</u> did not involve a dismissal under § 1307.  Nevertheless, inasmuch as Rule 1017(f) applies to dismissals under Chapter 11 as well as Chapter 13 and states that such dismissals are on motion, <u>Dolan</u> does lend some support to the Government's position.

Other cases cited by the Government address whether a debtor has an absolute right to dismiss his bankruptcy case rather than when such dismissal is effective, but they do support the conclusion reached herein insofar as they speak—consistent with the statutes and rules discussed earlier—of dismissal by the court order after filing of a motion by the debtor.  See <u>In re Rosson</u>, 545 F.3d 764, 774 (9th Cir. 2008) ("[W]e hold that the debtor's right of voluntary dismissal under § 1307(b) is not absolute[] but is qualified by the authority of the bankruptcy court to deny dismissal on grounds of bad-faith conduct or 'to prevent an abuse of process.'" (quoting 11 U.S.C. § 105(a))); <u>In re Jacobsen</u>, 609 F.3d 647, 661 (5th Cir. 2010) (concluding "that § 1307(b) is subject to [an exception], at least when the debtor's request for dismissal is made in response to a motion to convert"); <u>In re Norsworthy</u>, No. 05-15098-WHD, 2009 WL 6499238, at *2 (Bankr. N.D. Ga. May 27, 2009) (deferring ruling on debtor's motion to dismiss under § 1307(b) to determine whether debtor's conduct warranted

denial of motion).

Furthermore, some court decisions applying prior but similar versions of the applicable rules and code provisions discussed earlier have indeed stated that dismissal of a Chapter 13 case is by order of the court rather than by notice of the debtor. See, e.g., In re Gaudet, 132 B.R. 670, 674-75 (D.R.I. 1991) ("The mere filing of a motion to dismiss [under § 1307(b)] does not divest the Bankruptcy Court of its jurisdiction. Dismissal is not effective until an order giving notice of the dismissal is entered on the Court's docket."); In re Harper-Elder, 184 B.R. 403, 406-07 (Bankr. D.D.C. 1995) (noting that "because the mandatory right to dismiss under [§ 1307(b)] is granted only by motion, the court retains jurisdiction sufficient to impose any proper sanctions on the debtor . . . prior to dismissal"). See generally In re Merritt, 39 B.R. 462, 464 (Bankr. E.D. Pa. 1984) (concluding that "a dismissal under § 1307(b) is executed only through the submission of a motion and the entry of an order" and that "[a]lthough § 1307(b) gives the debtor an absolute right to dismissal if the case has not previously been converted, the section does not govern the time or manner by which the order of dismissal must be entered").

Defendant correctly notes that "[w]hen doubt exists about the statute of limitations in a criminal case, the limitations period should be construed in favor of the defendant." Gilbert, 136 F.3d at 1454. However, under the plain meaning of the applicable code and rule provisions discussed herein, there is no doubt as to when the commencement of the limitations period occurred. The five-year limitations period did not begin until the bankruptcy court entered its order dismissing Defendant's bankruptcy case on August 7, 2006. The indictment was returned within five years of that date, and thus this prosecution is not barred

by the statute of limitations.

III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion

to Dismiss With Prejudice (Doc. 25) filed by Defendant is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 30th day of April, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
John K. Freeman